IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAAMAL FLEMING,

      **Plaintiff,**

v.                                                                                          Civil Action No. 3:15cv268

VIRGINIA STATE UNIVERSITY, *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Virginia State University ("VSU"), the Policies and Procedures Committee, the Academic Credit Committee, Dr. Katrina Walker, Dr. Pamela Hammond, and the Commonwealth of Virginia's (collectively, the "Defendants"[1]) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] (ECF No. 5.) Plaintiff Jaamal Fleming, proceeding *pro se*, responded, and Defendants replied.[3] (ECF Nos. 7, 10.) The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition.

---

[1] In his Amended Complaint, Plaintiff Fleming only lists VSU as a defendant. However, Fleming names the additional defendants in the body of the Amended Complaint.

[2] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Defendants also move to dismiss "for failure to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court lacks subject matter jurisdiction over the alleged claims, this alternative basis for dismissal becomes moot. *Harrison v. U.S. Soc. Sec. Admin.*, No. 3:13cv435, 2014 WL 29042, at *1 (E.D. Va. Jan. 2, 2014).

[3] Defendants provided Fleming with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (Mot. Dismiss 2, ECF No. 5.)

## I. Standards of Review

### A. Lack of Subject Matter Jurisdiction: Rule 12(b)(1)[4]

In a motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6)[5] consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

---

[4] Courts have not been uniform as to whether a dismissal due to Eleventh Amendment sovereign immunity should be examined through Rule 12(b)(1) or Rule 12(b)(6). *Compare Noel-Batiste v. Va. State Univ.*, No. 2:12cv826, 2013 WL 499342, at *1–3 (E.D. Va. Feb. 7, 2013) (analyzing dismissal for Eleventh Amendment sovereign immunity bar via Rule 12(b)(6)), *with Haley v. Va. Dep't of Health*, No. 4:12cv16, 2012 WL 5494306, at *1–2 (W.D. Va. Nov. 13, 2012) (same, but under Rule 12(b)(1)). "The recent trend, however, appears to treat Eleventh Amendment [i]mmunity motions under Rule 12(b)(1)." *Haley*, 2012 WL 5494306, at *2 n.2 (citations omitted). The distinction makes no practical difference, however. In the Court's Rule 12(b)(1) analysis, it provides Fleming the same procedural protections afforded under Rule 12(b)(6). *See infra* p. 2 and note 5.

[5] "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they

### B. Obligation to Construe *Pro Se* Pleadings Liberally

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### II. Procedural and Factual Background

The Amended Complaint describes Fleming's difficulty with Dr. Walker's two psychology classes, PSYC 517 and PSYC 522, his resulting letter grade of "C-" for PSYC 522, and his attempts to convince the VSU administration to change this grade. Fleming took PSYC 517 in the fall of 2009 and PSYC 519 in the spring of 2010, both taught by Dr. Walker. He alleges that during those classes, Dr. Walker consistently "berat[ed] . . . his opinions" and taught with a "subtle," yet "clear," ring of "underlying disdain" for him. (Am. Compl. 2–3.) In the fall of 2009, Fleming also enrolled in PSYC 522. Dr. Walker taught this class as well, but another professor, Dr. Renia Brown-Cobb, was "the actual evaluator of work product." (Am. Compl. 4.)

Near the end of the spring 2010 semester, Fleming apparently began to take issue with his grade in PSYC 522 and met with Dr. Walker to address the situation. Following the meeting, Fleming learned that he had scored 141 out of 170 points for PSYC 522, which, combined with his 768 out of 800 points in PSYC 520, should have garnered him a letter grade of "A" instead of "C-." During or following the meeting, Fleming alleges that Dr. Walker agreed to change his grade. After no change occurred, Fleming asked the acting head of the department, Dr. Oliver

---

are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Hill, to assist in changing his grade. Throughout the ensuing years, Dr. Walker and Dr. Hill apparently made multiple efforts to change Fleming's PSYC 522 grade, including sending the change of grade to the "Academics Credit Committee." (Am. Compl. 4.) Fleming's grade remains unchanged.

On April 30, 2015, Fleming filed this suit. Fleming brings three causes of action: (1) breach of contract; (2) defamation; and, (3) fraud.[6] He seeks $27,000 in compensatory damages for the cost of his "tuition and living expenses while a student at [VSU]"; $1,000,000 in other, unspecified damages; punitive damages; and, a "permanent injunction to change the grade in PSYC 522." (Am. Compl. 9.)

### III. Analysis

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The principles underlying the Eleventh Amendment "preserve the integrity of state sovereign immunity within our federal structure" and prohibit federal courts from exercising diversity or supplemental jurisdiction over actions that "would otherwise be prohibited by the courts of the forum state on the basis of that state's sovereign immunity." *Amaran v. Va. State Univ.*, 476 F. Supp. 2d 535, 539–40 (E.D. Va. 2007), *aff'd*, 261 F. App'x 552 (4th Cir. 2008). "As such, the 'ultimate guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in

---

[6] Fleming does not specify which count applies to which defendant. He primarily discusses only Dr. Walker in the counts. However, the Court will liberally construe the Amended Complaint as directing all counts against all defendants.

4

federal court.'" *Haley*, 2012 WL 5494306, at *2 (quoting *Bd. of Trs. of Univ. Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

### A. Eleventh Amendment Immunity Applies to All Defendants Unless an Exception Exists

Eleventh Amendment immunity applies not only to states but also to "state agents and state instrumentalities." *Lee-Thomas v. Prince George's Cty. Public Schs.*, 666 F.3d 244, 248 (4th Cir. 2012). "VSU is a constituent entity of the Commonwealth of Virginia" for purposes of Eleventh Amendment sovereign immunity. *Noel-Batiste*, 2013 WL 499342, at *4; *Amaran*, 476 F. Supp. 2d at 539; *see also* Va. Code § 23-14 (listing VSU as a "governmental instrumentalit[y] for the dissemination of education"); Va. Code § 23-174 ("[VSU], and all its property and funds, shall, at all times and in all things, be under the control of the General Assembly."). Thus, unless an exception applies, the Eleventh Amendment prevents suit against both the Commonwealth of Virginia and VSU in this Court.

Eleventh Amendment immunity also applies to "[s]tate officers acting in their official capacity," because such a suit "is not a suit against the official but rather is a suit against the official's office." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). VSU employees and entities, such as a university provost, professor, or an academic committee, sued in their official capacities, constitute such state officers and thus garner Eleventh Amendment protection. *See, e.g., Maisha v. Univ. of N.C.*, No. 1:12cv371, 2013 WL 1232947, at *3 (M.D.N.C. Mar. 27, 2013) (finding Eleventh Amendment sovereign immunity protected university professors from suit when acting in their official capacities); *Amaran*, 476 F. Supp. 2d at 541–42 (same, provost of VSU). Accordingly, unless some exception exists, the Eleventh Amendment bars suit in this Court against Dr.

Walker, Dr. Hammond, the Academic Credit Committee, and the Policies and Procedures Committee.

### B. No Exception Exists to Eleventh Amendment Immunity in this Case

A determination that the Eleventh Amendment bars Fleming's suit against all Defendants does not end this Court's inquiry. "The Eleventh Amendment bar to suit is not absolute." *Lee-Thomas*, 666 F.3d at 248. Three well-known exceptions to Eleventh Amendment immunity exist: congressional abrogation, state waiver, and the *Ex Parte Young* exception. *Id.* at 249. First, Congress may abrogate immunity. *Id.* Congress abrogates sovereign immunity via statute when it "unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Id.*; *Haley*, 2012 WL 5494306, at *3. Fleming cites no congressional act of abrogation applicable to this case. He raises only common law Virginia claims. Accordingly, the abrogation exception does not apply.

Second, states themselves may waive their immunity from suit. *Lee-Thomas*, 666 F.3d at 249. A state waives its immunity only when it does so "by the most express language or by such overwhelming implications from the text [of the statute that] leave no room for any other reasonable construction." *McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987) (first alteration added). No Virginia statutory waiver applies in this case. The Virginia Tort Claims Act ("VTCA"), Va. Code § 8.01-195.1–195.9, invoked by Fleming, waives immunity from certain suits against Virginia for money damages in state court. Va. Code § 8.01-195.3. Importantly, the United States Court of Appeals for the Fourth Circuit holds that the VTCA waives sovereign immunity from suit only in *state* courts, not *federal* courts. *McConnell*, 829 F.2d at 1329; *Haley*, 2012 WL 5494306, at *5. The VTCA also does not waive immunity from suit as to state agencies, only the Commonwealth itself. *See Ghayyada v. Rector and Visitors of*

6

*the Univ. of Va.*, No. 3:11cv37, 2011 WL 4024799, at *5 (W.D. Va. Sept. 12, 2011) (citing *Rector and Visitors of the Univ. of Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004)). Thus, because the VTCA cannot waive Defendants' immunity against Fleming's suit in this federal Court, the VTCA statutory waiver exception does not apply here.

Finally, the recognized doctrine from *Ex Parte Young*, 209 U.S. 123 (1908), allows prospective injunctive relief against state officials for ongoing violations of federal law. *See Lee-Thomas*, 666 F.3d at 249; *Haley*, 2012 WL 5494306, at *6. This "quite narrow" exception only allows "federal courts to vindicate *federal* rights." *Haley*, 2012 WL 5494306, at *6 (emphasis added) (quoting *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 255 (2011); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 114 n.25 (1984)). Fleming brings claims for breach of contract, defamation, and fraud, all of which arise under Virginia common law. Fleming's claims do not allege ongoing violations of federal law. Defendants are not exempted from the protections of Eleventh Amendment sovereign immunity in this action under *Ex Parte Young*. In sum, none of the three exceptions to Eleventh Amendment immunity pertains here.

## IV. Conclusion

Eleventh Amendment sovereign immunity bars suit against the Defendants in this action, and no exception exists to that immunity. Accordingly, for the foregoing reasons, the Court will grant the Motion to Dismiss (ECF No. 5) and dismiss Fleming's Amended Complaint.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 3-4-16
Richmond, Virginia